IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**HECTOR DEPAZ,**

                **Plaintiff,**

     v.                               CASE NO. 05-3452-SAC

**B.C. HARDSCAPES,**

                **Defendant.**


O R D E R

    Plaintiff proceeds pro se on a form complaint under 28 U.S.C. § 1331, filed while plaintiff was confined in a Leavenworth, Kansas, facility operated by the Corrections Corporation of America.[1] Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Prior to his arrest in March 2005, plaintiff was employed by B.C. Hardscapes, the sole defendant named in this action. Plaintiff seeks wages he claims are due for approximately one week of work prior to his March 2005 arrest.

    As jurisdiction for his complaint, plaintiff cites 28 U.S.C. § 1331, which confers subject matter jurisdiction for filing a civil

---

    [1]Plaintiff is currently incarcerated in a federal facility in McRae, Georgia.

action in federal to consider any question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that federal prisoners can sue federal employees in their individual capacity to obtain relief for constitutional violations.

Subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings. *See* <u>Image Software, Inc. v. Reynolds and Reynolds Co.</u>, 459 F.3d 1044, 1048 (10th Cir. 2006). In the instant case, plaintiff seeks unpaid wages from a private Missouri employer. Clearly, no person acting under color of federal law is involved for the purpose of stating a claim for relief under <u>Bivens</u>, and no claim of constitutional significance is evident for the purpose of presenting a federal question for judicial review under § 1331.

The court thus finds no subject matter jurisdiction to proceed under 28 U.S.C. § 1331 or <u>Bivens</u>. *See* <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 89 (1998)(court lacks subject matter jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy")(internal quotation marks and citation omitted). Even giving the complaint the liberal reading afforded a pro se litigant, the court finds no other basis exists for establishing subject

matter jurisdiction in the federal courts,[2] and finds amendment of the complaint would be futile to cure this deficiency.  Accordingly, the court concludes the complaint should be dismissed for lack of subject matter jurisdiction.  *See* Arbaugh v. Y & H Corp., 546 U.S. 500, __, 126 S.Ct. 1235, 1244 (2006)("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").  To the extent relief might be available in an appropriate state court action for seeking unpaid wages, the court exercises no supplemental jurisdiction under 28 U.S.C. § 1367(a) over any such claim.  *See* 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, and that collection of the $250.00 district court filing fee is to proceed pursuant top 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice for lack of federal jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 1st day of March 2007 at Topeka, Kansas.

 s/  Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] Plaintiff filed this action while confined in Kansas, and seeks approximately $8000 in damages from his Missouri employer. Even if plaintiff could establish he was domiciled in Kansas when he filed his complaint, the amount in controversy clearly does not satisfy the $75,000 statutory requirement for subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.

3